

FILED
SEPT. 27, 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DENNIS SHELDON BREWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:21-cv-02424 (UNA) |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF | ) |
| INVESTIGATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous. Plaintiff has also submitted a request for emergency restraining order, ECF No. 3, which will be denied.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of Edgewater, New Jersey, sues the Federal Bureau of Investigation ("FBI") and "other unidentifiable Departments, Agencies, and contractors of the United States of America." Compl. at 1, 2. Preliminarily, the Local Rules of this court state: "[t]he first filing by

or on behalf of a party shall have in the caption the name and full residence address of the party." LCvR 5.1(c).  The rambling prolix complaint, totaling 159 pages, is difficult to follow.   Plaintiff seems to allege that the FBI and other unnamed federal entities have unlawfully orchestrated a decades-long conspiracy to investigate, surveil, and harass him, and have used their "novel technology" to infiltrate his thoughts and actions and commit other clandestine crimes both domestically and internationally. *See* Compl. at 5–7.  Though he cites to a laundry list of federal authority, the applicability of this authority to his intended claims is entirely unclear.  *See id*. at 3.

Plaintiff states that he has suffered physical, emotional, financial difficulties.  *See id*. at 5–7.  He demands unspecified monetary damages. *See id.* at 7. He also seeks an emergency injunction immediately requiring the United States and defendants to "cease and desist all use of this illegally and unconstitutionally deployed technology and related oppressive operational tactics against all persons[,]" both in the United States and abroad, and an order directing the United States to "either affirm to deny Plaintiff's assertion of the existence of this technology and it[s] deployment within or without the United States." *Id.*

This court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' "), quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").

A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard. In addition to failing to state a claim for relief or establish this court's jurisdiction, the complaint is deemed frivolous on its face.

Therefore, this case is dismissed without prejudice, and the request for emergency restraining order is denied. A separate order accompanies this memorandum opinion.


_____/s/_____
AMY BERMAN JACKSON
United States District Judge

Date: September 27, 2021